# Court of Appeals.

October 24, 1893.

## PEOPLE v. WILLIAM P. CANNON.

(54 St. Rep. 809; 139 N. Y. 645.)

1. Criminal law—Stipulation.

Where both parties to a criminal action have, through their respective counsel, stipulated in writing as to the existence of certain facts and have embodied such facts in a written statement which has been put in evidence, each party has the right to claim that the jury ought to be bound by those facts so far as they go, and the court is entirely justified in so instructing the jury.

2. Same—Direction of conviction.

In a criminal case, the court cannot legally direct a conviction, even though the evidence on the part of the people was neither contradicted nor explained.

3. Same.

But, where the substantial part of the facts is contained in an agreed statement thereof, and where the oral evidence is not contradicted or explained, and especially where the evidence of the defendant tends to corroborate the evidence of the people, the court has the right to tell the jury that if they believe the

evidence, oral as well as written, they ought to convict, but that they have the right to disbelieve the oral evidence although uncontradicted, and that as to the agreed statement of facts, they have no absolute right to disbelieve it, and, upon the whole case, they must bring in a verdict of acquittal or conviction.

### 4. Same.

The court has the right to tell the jury, as matter of law, that the evidence on the part of the people, if believed, makes out the crime described in the indictment.

Motion for reargument.

Everett P. Wheeler, for motion.

Wm. Travers Jerome, opposed.

PECKHAM, J.—A motion is made in this case for a reargument, grounded upon the failure of the court to notice an exception taken to the charge of the judge upon the question of the duty of the jury. It is said that the opinion just delivered herein shows that the charge is erroneous in principle, and, therefore, the conviction must have been reversed if the court had not overlooked the exception.

The exception was not alluded to in any of the briefs of counsel, and was not discussed upon the argument.

The evidence in this case is contained almost wholly in a statement of facts agreed upon by the counsel for the respective parties, and set forth by the authority of a written stipulation which is contained in the record. Among other things, it admits the possession of the bottles by the defendant of the kind and character mentioned in the statute, and that the owners had never given any written or oral consent that such bottles could be taken or sold or otherwise disposed of or trafficked in. There is also the oral evidence of a witness as to finding the bottles on the premises of the defendant, and there is the oral evidence of the defendant himself, which in substance corroborates the evidence of the People.

There is no evidence in explanation or contradiction of the facts thus agreed upon, nor is there the slightest contradiction or explanation of any of the evidence given on the part of the

People, but, on the contrary, it is in reality corroborated by the evidence of the defendant.

The question of the burden of proof or the presumption to be indulged in from the fact of possession was not in the case, because the facts agreed upon stated that the owners of the bottles had never given any consent to their sale or to any traffic in them. The question of the constitutionality of the acts, apart from this presumption, was the sole question presented or argued in this case, and it was the desire of both counsel, as expressed to the court and as appears from the record, "to get the case in such a way that the question raised might be presented to the court having power to pass upon and determine it, that is, the constitutionality of the statute."

Under these circumstances, and when the judge came to charge, he said to the jury that "the real question upon the undisputed facts in the case (for there is really no dispute as to any material fact relied upon by the People) is as to the constitutionality of these two acts of the legislature."

"The real question to be determined in this case is a question of law. It is one for the determination of the court; and for the reasons that I have already assigned in your hearing, I shall hold them constitutional. *If you believe the facts as they have been established here, both by the testimony of the two witnesses who have been examined, and also by the testimony contained in the written stipulation which has been read to you and which forms a portion of the evidence in this case, then it is manifest that the defendant has violated the provisions of the statute, and it will be your duty to convict him.* On the other hand, if you disbelieve this evidence, and it is entirely uncontradicted, you would have the right to acquit this defendant. But you have no absolute right to disbelieve the statement of facts which are conceded on both sides to be true and correct. You will render a verdict convicting this defendant or acquitting him."

The defendant's counsel then excepted to that portion of the charge of the court wherein he stated as is above set forth in italics. The counsel now claims this charge thus excepted to was erroneous under the opinion delivered in this court in this very case. Counsel quotes from that opinion that portion

which deals as to the other cases (which were argued at the same time with this) with the effect of the statute making the possession by a junk dealer, or dealer in second-hand articles, presumptive evidence of the unlawful use, etc., of the bottles. The opinion states that such provision does not really change the burden of proof, and that the court could not legally direct a conviction, even if the evidence on the part of the People were neither contradicted nor explained, and that the jury would have a right, after a survey of the whole case, to refuse to convict unless satisfied beyond reasonable doubt of the guilt of the accused, even though the statutory prima facie evidence were uncontradicted.

I think there are two answers to this motion. In the first place, I am clear that the exception did not raise this particular question. It did not raise it in this case, because the question was not in it. It was not in the case for the reason that the agreed facts admitted what the statute allowed the jury to infer from the fact of possession. The whole course of the trial, the facts as agreed upon and the expressed desire of both counsel for the People and for the defendant to have the case so treated as to enable them to raise the main constitutional question, conclusively show that the exception was taken in the course of the attempt to raise such question, and not to the point as to the right of the court to charge as it did as to the duty of the jury to convict if it believed all the evidence.

If that had been the point the stipulation should have been amended, and the ordinary fairness would have then required the counsel for defendant to specify the ground of the exception in order that the attention of the court might be turned to it, and the matter decided with reference to that point.

But I think there is nothing in the opinion in this case which is inconsistent with the charge of the court as given.

The record shows that the whole question of guilt or innocence was submitted to the jury, and it was stated that the jury might convict or acquit the defendant, leaving full power in the jury to decide that question. The statement regarding the duty of the jury to convict was predicated upon the belief by the jury of the facts as they were established both by testimony and by the stipulation, and it was stated by the court that if

the jury disbelieved the evidence it would have the right to acquit. The court then added that the jury "had no absolute right to disbelieve the statement of facts which are conceded on both sides to be true and correct."

Where both parties to a criminal action, the People and the defendant, have through their respective counsel stipulated in writing as to the existence of certain facts, and have embodied such facts in a written statement which has been put in evidence, each party has the right to claim that the jury ought to be bound by those facts so far as they go, and the court is entirely justified in so instructing the jury.

The statement in the opinion in this case, that the court could not legally direct a conviction even if the evidence on the part of the People were neither contradicted nor explained, and that in such event the jury would have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the defendant, is not at all inconsistent with the charge in this case. There was no direction to convict in this charge. A direction to convict leaves no discretion with the jury and the verdict is entered under the direction of the court. It was in regard to the power of the court to give any such direction in a criminal case that the expression was used and the right of the jury to give the verdict was asserted. In this case, where the substantial part of the facts was contained in an agreed statement thereof, and where the oral evidence was not contradicted or explained, and where indeed the evidence of the defendant tended to corroborate the evidence of the People, the court had the right to tell the jury (as in substance it did) that if it believed all the evidence, oral as well as written, it ought to convict, but that it had the right to disbelieve the oral evidence although uncontradicted, and that as to the agreed statement of facts it had no absolute right to disbelieve it, and upon the whole case it must bring in a verdict of acquittal or conviction.

The substantial right of trial by jury in all criminal cases provided for by the Constitution is not to be frittered or explained away, and that right continues all through the trial and up to the time when the jury has, upon its own motion, and not under any direction of the court, come to the conclusion to convict the

accused. This right is not touched, however, by the court when it gives instructions as to the result of the evidence if believed by the jury, so long as the power is left to that body to decide. In other words, the court has the right to tell the jury as matter of law that the evidence on the part of the People, if believed, makes out the time described in the indictment.

The court in this case upon the whole charge committed no error and we think the motion for a reargument must be denied.

All concur.