PEOPLE v. FISHER.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. CRIMINAL LAW (§ 829*)—REFUSAL OF REQUEST—REQUEST EMBRACED IN CHARGE GIVEN.

Where the court was asked to charge that, if any witness for the people had knowingly or willfully testified falsely to a material fact, the jury might disregard his entire testimony, and the court replied, "that applies not only to the people, but to the defendant or any other, but you are not obliged to disregard it"—it was not error to refuse to charge that if cer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain witnesses, in behalf of the people, or any one of them, had knowingly testified falsely to any material fact, the jury might disregard their entire testimony; it being substantially embraced in the charge given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

2. CRIMINAL LAW (§ 561*)—EVIDENCE—GOOD CHARACTER.
Evidence of good character is a species of circumstantial evidence to be considered the same as all other evidence, together will all the facts in the case; and, while it alone may cause a reasonable doubt, it does not necessarily do so.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1267; Dec. Dig. § 561.*]

3. CRIMINAL LAW (§ 762*)—APPEAL—REVIEW—INSTRUCTIONS—INDICATION OF JUDGE'S OPINION.
It is not legal error for a trial judge to indicate his opinion in charges, and it is only where the evidence of bias is marked and where, in the opinion of the appellate court, the balance of proof is only slight in favor of the prosecution, and where, in the interest of justice. accused should be given another chance to prove his innocence, that the conviction- should be reversed for such cause.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1758; Dec. Dig. § 762.*]

4. CRIMINAL LAW (§ 1170*)—APPEAL—REVIEW—EXCLUSION OF EVIDENCE—CURE OF ERROR.
Error, if any, in refusing to permit accused's counsel to ask accused's accomplice, testifying for the prosecution, whether he expected to be prosecuted, where he immediately after testified that he did not know whether he expected to be taken care of or not for testifying, is cured by his subsequent testimony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3147, 3148; Dec. Dig. § 1170.*]

5. CRIMINAL LAW (§ 1173*)—INSTRUCTIONS—REQUESTS EMBRACED IN OTHER CHARGE.
It was not available error to refuse to charge that a conviction could not be had upon the evidence of two certain witnesses named alone, where the court so charged in fact in response to the next request.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3164, 3165; Dec. Dig. § 1173.*]

6. CRIMINAL LAW (§ 829*)—REQUEST FOR INSTRUCTIONS—INSTRUCTIONS ALREADY GIVEN.
It is not error to refuse an instruction which is included in the charge as given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

Appeal from Ulster County Court.

Henry H. Fisher was convicted of larceny, and appeals from the judgment and an order denying a new trial. Affirmed.

See, also, 132 App. Div. 941, 118 N. Y. Supp. 1130.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

N. Frank O'Reilly and Roscoe Irwin, for appellant.
William D. Cunningham, Dist. Atty., for the People.

SMITH, P. J. The defendant was indicted by the grand jury of Ulster county for the crime of arson in the second degree, in that on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the 17th day of March, 1908, he set fire and burned his dwelling house in the city of Kingston with intent to destroy the same, in which dwelling house at the time there was no human being. In that month the defendant kept a saloon at the corner of Chambers and Union street in the city of Kingston, and his family lived upstairs above the saloon. Upon the night in question one Sessler, together with one Jacob Banholzer, at the direction of the defendant, set fire to the building. Both of these parties were witnesses for the people upon the trial, and their testimony was fully corroborated. It is not necessary here to set out in detail the evidence upon which the conviction rests. It is sufficient to say that the guilt of the defendant was abundantly established and beyond a reasonable doubt, and no question is made by the appellants upon this argument as to the sufficiency of the proof. The judgment is challenged solely upon the ground of certain rulings of the learned trial judge upon the trial.

At the close of the trial, the court was requested to charge if certain witnesses who had sworn in behalf of the people "or any one of them have knowingly testified falsely to any material fact that the jury may disregard their entire testimony." This the court declined to charge as requested, and to its refusal an exception was taken. This would undoubtedly have been error, except for the charge made upon the defendant's request just preceding. In the preceding request the court was asked to charge:

"That if any witness on the part of the people has knowingly or willfully testified falsely to any material fact that the jury may disregard the entire testimony of such witness."

To this the court replied:

"That applies not only to the people, but to the defendant, or any other, but you are not obliged to disregard it."

Then follows the request and refusal to charge which is made the subject of challenge. It would seem, therefore, that the proposition to charge involved in the request had been substantially charged, and that the defendant has no ground of complaint on account of the refusal of the court to repeat the rule of law which had once been given to the jury. The next ground of challenge is as to the charge of the court in reference to the force of the evidence as to good character. After stating the claim of the defendant that he stood well in the community, the law is thus stated:

"And the law is, gentlemen, upon that subject that good character is to be considered by you the same as all other evidence; that good character alone may cause in your mind a reasonable doubt, but it doesn't have to. You weigh the fact of good character the same as any fact in the case with all the facts, and then say where does the balance go and determine it that way. A man of good character may or may not commit a crime. It is simply a species of circumstantial evidence. In the ordinary run a man of good character does not commit a crime. We start with that fact, good character, and then commence to weigh it with all the other facts in the case."

Thereafter the defendant's counsel requested the court to charge:

"That the character of the defendant may be such as to create a reasonable doubt in the minds of the jury as to the guilt of the accused, and lead them to believe in view of the improbabilities that a person of such character would

be guilty of the crime charged that the other evidence in the case is false or the witnesses mistaken."

To this the court replied:

"That's a general statement of law. As I told you before, evidence of good character is a circumstance to be considered with all the other evidence in the case."

The defendant's counsel then requested the court to charge:

"That evidence of good character may in itself create a reasonable doubt, when without it none would exist, as to the defendant's guilt, and that such evidence in the exercise of a sound discretion by the jury may be sufficient to acquit the defendant."

To this the court replied:

"That is a proposition which is true. I have charged before whatever weight you give to good character is for you to say, considered with all the other facts."

To this reply the defendant excepted. The jury were rightly instructed as to what weight should be properly given to evidence of good character. The defendant points out other statements in the charge which he claims contains an intimation that, in the opinion of the court, in view of other facts proven in this case, the evidence of good character was not conclusive, and the judgment is further challenged upon the ground that the charge of the court was biased as against the defendant, and indicated a conviction in the mind of the trial judge of the defendant's guilt. It is not legal error, however, for a trial judge to indicate his opinion, and, in fact, it is sometimes difficult not to do so in submitting a case fully to the jury. In the case at bar the questions of fact were left fully for the jury to determine, and the court in its charge in no way directed or advised the verdict that should be rendered. It is only in those cases where the evidence of bias is marked, and where in the opinion of the Appellate Court the balance of proof was only slight in favor of the prosecution, and where in the interest of justice the defendant should be given another chance to prove his innocence, that the court would reverse a conviction for such a cause. No such condition here exists. The defendant further complains that he was not allowed to ask the witness Sessler, who was the defendant's accomplice, whether he expected to be prosecuted; but, if the sustaining of an objection to that question be error, the error is clearly cured in the testimony immediately following, where he swears:

"I do not know whether I expect to be taken care of or not for testifying, or for what I have testified to to-day. I do not remember if I expected to on the last trial. I do not remember testifying on the last trial in answer to the question: 'Q. [read by Mr. O'Reilly from minutes of former trial]. You expect to be taken care of for what you have testified to? A. Yes.'"

Again, error is claimed in the refusal of the court to charge that a conviction could not be had upon the evidence of two certain witnesses named alone. This the court declined to charge, except as charged in the original charge. But the court so charged in fact in response to the next request. In that original charge the court had told the jury that they must consider all of the evidence in reaching their conclu-

sion. We have carefully examined the record as to other objections made by the defendant and other errors claimed to have been committed by the trial judge during the trial, and we find no questions raised which we deem necessary to discuss, and no rulings which would furnish just cause for a reversal of this judgment. The judgment and order should therefore be affirmed.

Judgment of conviction and order affirmed. All concur.