THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PHILIP PERLMAN, Defendant.

Supreme Court, Oneida County, August 20, 1926.

Crimes — arson — certificate of reasonable doubt — defendant admitted that fire was of incendiary origin — not error for court to state that fire was of incendiary origin — comments by court in its charge did not amount to direction of verdict — under Code of Criminal Proceedure, § 527, reasonable doubt must be based on substantial error at trial — certificate denied.

The application of the defendant, who was convicted of the crime of arson, for a certificate of reasonable doubt, which application is based on an alleged error by the court in stating that the fire was of incendiary origin and in commenting upon the evidence, is denied, since it appears that the defendant admitted that the fire was of incendiary origin and is, therefore, bound by that admission, and since it appears that the defendant's contention that the court in its charge, in effect, directed a verdict against the defendant, is not sustained by the record of the trial, for, while the court commented on the testimony, it did not in any way direct the jury to render a verdict against the defendant.

Under section 527 of the Code of Criminal Procedure, a certificate of reasonable doubt must be based on substantial error committed at the trial, that is, an error which would work substantial injury to the defendant. Inasmuch as the record does not show any substantial error on the part of the trial court, the application for a certificate of reasonable doubt is denied.

APPLICATION by the defendant for a certificate of reasonable doubt.

*Charles L. DeAngelis, District Attorney,* for the People.

*D. Francis Searle,* for the defendant.

LEE, J. Defendant has been convicted of the crime of arson in the third degree before the Oneida County Court and a jury. For a number of years prior to February 19, 1926, the defendant was the proprietor of a store at 9 Blandina street, in the city of Utica, N. Y. He was engaged in the manufacture and sale of umbrellas. A fire occurred in the store of the defendant during the evening of February 19, 1926, which was first discovered by a policeman about seven-forty-five o'clock that evening.

When the store was opened and the firemen and others entered, witnesses testified that the fire had burned some of the materials in the store and part of the floor. Ample evidence was offered that there were a number of celluloid collars lapped over each other and linked together like a chain leading from near where the materials had burned up to a shelf where there were umbrella handles. One of the police officers testified that there were twenty-five or forty collars in number, that there was tissue paper of a string-like formation under the collars and a part of the collars were burned.

The fire was nearly extinguished when the officers entered the building as water from the sprinkler system had extinguished most of the fire. Sufficient evidence was given to show that the fire was of incendiary origin. A bookkeeper of the defendant testified that on the evening in question he left the store of the defendant late in the afternoon about ten minutes to six o'clock. That at such time the defendant was alone in the store and there were no collars on the floor where they were later found. The defendant testifies that he left the store shortly after six o'clock and took a six-ten P. M. bus for his home, while a witness for the prosecution refutes this testimony and states that he saw the defendant taking a six-thirty P. M. bus a short distance from defendant's store.

A witness, Charles Bradley, testifies that he sold a man seventy-three celluloid collars in the afternoon just a few hours preceding the fire and states that he believes the defendant Perlman was

the man to whom he sold the collars. Charles Lewis, who was employed in the same place as Bradley, testified that as near as he can tell the defendant Perlman was the man to whom the collars were sold.

The merchandise, fixtures and equipment in the defendant's store were insured in the sum of $10,000, and at the time of the fire the defendant had approximately $6,299.09 of merchandise in his store and furniture and equipment of the value of approximately $1,136.83, or a total sum of $7,435.93. There was sufficient evidence given for the submission to the jury of the question of motive. (*People* v. *Burton,* 77 Hun, 498.)

The defendant upon this application contends that the learned trial court erred in not submitting to the jury as a question of fact the question as to whether or not the fire was of incendiary origin. The learned trial court stated in its charge: " Now I think you men will go into the consideration of this case without any question or doubt in your minds about the fact that the fire in question was of incendiary origin — that is, while it is not for me to say or decide, I assume there can be no particular question about it that the fire was not accidental, that it was intentional, and, therefore, somebody is guilty of arson."

In answer to the contention of the defendant on this question the district attorney stated on the argument of this application that the defendant's counsel in his argument to the jury took the position that the fire was of incendiary origin but that he argued that the defendant was not the guilty party. The stenographer's minutes do not contain the argument of counsel but at page 235 of the stenographer's minutes there appears that the defendant's counsel asked the defendant while on the stand the following question: " Q. Did or do you know who did set fire to it? A. No sir, I haven't got the least idea."

From this question and answer there can be but one deduction and that is that the defendant upon the trial took the position that someone set fire to his store but he stated that he was not the one. The defendant having on the trial taken the position that the fire was of incendiary origin is not now in a position to complain of the learned trial court's charge upon this question.

Our courts hold that in a criminal action each party is bound by the facts upon which they agree. (*People* v. *Cannon,* 139 N. Y. 645.)

The defendant contends that the learned trial court in effect directed a verdict. The stenographer's minutes of the charge of the learned trial court do not support this contention of the defendant. The learned trial judge did comment on the testimony which was within his province as long as he left the questions of

fact to the jury. (*People* v. *Carpenter*, 38 Hun, 490; *People* v. *Tuczkewitz*, 149 N. Y. 240, 252.) The jury were told that the questions of fact were for their determination.

Our courts in the trial of criminal cases have gone so far as to state: " It is not legal error, however, for a trial judge to indicate his opinion, and in fact it is sometimes difficult not to do so in submitting a case fully to the jury." (*People* v. *Fisher*, 136 App. Div. 57, 60.)

The other specifications of error made by the defendant on this application have been most carefully considered but it does not appear that any of the alleged errors worked harm or that the defendant could have sustained substantial injury therefrom.

Upon an application for a certificate of reasonable doubt our law provides (Code Crim. Proc. § 527) that it should be granted by the court if " in the opinion of said court there is a reasonable doubt whether the judgment should stand, but not otherwise." In the cases in which a certificate of reasonable doubt is granted a defendant is usually permitted his liberty on bail (Code Crim. Proc. § 555) but in the event that a certificate is not granted the judgment is not stayed and a defendant is not permitted his liberty while an appeal is pending. The crime of arson, of which the defendant has been convicted, is a very serious offense. For a court to have a *reasonable doubt* whether a judgment should stand, such doubt by the court should be founded on some substantial error on the trial. Substantial error is one which upon the trial works harm and from which one sustains substantial injury. There was no error upon the trial of this case which was substantial. In my opinion there is no reasonable doubt upon the whole case as to whether the judgment of conviction should stand.

The application for a certificate of reasonable doubt is, therefore, denied.